Zimmerman, J.
 

 The appellants seriously urge that the controlling issue in both the
 
 Althea Wright
 
 and
 
 Bertie Wright cases
 
 was whether the insurance policy was in force when they were injured and, that issue having been litigated and determined in the affirmative in the
 
 Althea Wright case
 
 wherein Schick and the insurance company were adverse parties, such adjudication is conclusive as to the
 
 Bertie Wright case
 
 and requires a judgment accordingly under the doctrine of
 
 res judicata.
 
 This contention is deserving of careful consideration.
 

 After having secured judgments against Schick in their tort actions, Althea and Bertie Wright brought their respective actions against the insurance company under favor of Section 9510-4, General Code (108 Ohio Laws, pt. 1, 386), which 'then read as follows:
 

 “Upon the recovery of a final "judgment against any
 
 * * *
 
 person # ■* * by any person * * * for loss or damage on account of bodily injury * * *, if the de
 
 *197
 
 fendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company' and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment ‘creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. ’ ’
 

 The only ground of defense-interposed by the insurance company was that Schick’s liability insurance policy was not in force on July 3, 1932, when the Wrights sustained their bodily injuries, because he had failed to pay the installment of the premium due on July 1, 1932, in accordance with the terms of the policy.
 

 It was maintained by the Wrights that such insurance policy was operative when they were injured, for the reason that the company by its conduct and through the representations of its duly authorized agent had waived the provisions of the policy as to the payment of the second premium installment by the date specified.
 

 This was an issue of vital concern to Schick. Substantial judgments had been rendered against him, for which he stood liable. It would be to his gain should the Wrights secure satisfaction of those judgments by their proceedings against the insurance company, his insurer..
 

 Section 9510-4, General Code, made express provision that in an action by the judgment creditor, the tort-feasor against whom a judgment has been recovered and his insurer should be made parties defendant. In such an action it becomes necessary to prove the existence of insurance as a .condition prece
 
 *198
 
 dent to recovery. As a party to such, an action, the judgment debtor has a right to participate and if the insurance company denies liability he may act to establish its responsibility in furtherance of his own' pecuniary interests.
 

 In the
 
 Althea Wright case
 
 the issue of insurance or no insurance was squarely raised and fully litigated. The decision was adverse to the company. Schick was named a party defendant in the petition. He appeared at the trial and was cross-examined as a party defendant. The testimony he gave was strongly against the company, and when the company prosecuted error to the Court of Appeals he was made a party to the proceedings.
 

 Under these circumstances, is the doctrine of
 
 res judicata
 
 properly invocable in the
 
 Bertie Wright case?
 

 “Briefly stated, the doctrine of
 
 res judicata
 
 is that an existing final judgment or decree, rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction. * * *>> 23 Ohio Jurisprudence, 961, Section 730. See also 34 Corpus Juris, 742, Section 1154.
 

 The term “parties” in its broad legal sense includes all who have an interest in the subject matter of the particular litigation, who have the
 
 right
 
 to control the proceedings, to make defense, to adduce evidence, to cross-examine witnesses and to appeal the proceedings, if an appeal lies. 23 Ohio Jurisprudence, 1013, Section 796; 30 Ohio Jurisprudence, 700, Section 3, and note; 1 Greenleaf on Evidence (16 Ed.), 656, 664, Sections 523, 535;
 
 Litchfield
 
 v.
 
 Goodnow’s Admr.,
 
 123 U. S., 549, 31 L. Ed., 199, 8 S. Ct., 210.
 

 It is universally recognized that a former judgment, in order to be
 
 res judicata
 
 in a subsequent ac
 
 *199
 
 tion, must have been rendered in an action in which the parties to the subsequent action were adverse parties. The character of a party, as adverse or otherwise, is to be determined not by his position upon the docket, or in the title of the cause, but by reference to his relations to the other parties, as shown by his interests involved in the case.
 
 Allen
 
 v.
 
 Miller,
 
 11 Ohio St., 374, 378.
 

 Therefore,
 
 res judicata
 
 or estoppel by judgment may arise as between codefendants if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated.
 
 Baldwin
 
 v.
 
 Hanecy,
 
 204 Ill., 281, 68 N. E., 560;
 
 Renfro
 
 v.
 
 Ilanon,
 
 297 Ill., 353, 357, 130 N. E., 740, 742. Compare,
 
 Hixson
 
 v.
 
 Ogg,
 
 53 Ohio St., 361, 42 N. E., 32;
 
 Quinn, Aud.,
 
 v.
 
 State, ex rel. Leroy,
 
 118 Ohio St., 48, 160 N. E., 453.
 

 When a former judgment is raised as a bar in a later action, it is not essential that there be a complete identity as to all the parties in both proceedings; it is only necessary that the persons between whom the judgment is to operate as
 
 res judicata
 
 should be the same.
 
 Fulsom
 
 v.
 
 Quaker Oil & Gas Co.
 
 (C. C. A. 8), 35 F. (2d), 84, 90;
 
 Cronan
 
 v.
 
 Wolfe,
 
 138 Minn., 308, 164
 
 N.
 
 W., 1018;
 
 McKee, Exrx.,
 
 v.
 
 Producers & Refiners Corp.,
 
 170 Okl., 559, 41 P. (2d), 466;
 
 Pittsburgh & L. E. Rd. Co.
 
 v.
 
 McKees Rocks Borough,
 
 287 Pa., 311, 317, 135 A., 227, 229; 1 Freeman on Judgments (5 Ed.), 907, Section 417; 34 Corpus Juris, 757, Section 1166.
 

 The appellants place much reliance on the recent case of
 
 Ohio Casualty Ins. Co.
 
 v.
 
 Gordon
 
 (C. C. A. 10), 95 F. (2d), 605, which is interesting because of' its analogy to the present case. There, one Strain had been issued an automobile liability insurance policy by the Ohio Casualty Insurance Company on a motor truck. Thereafter, the truck being driven by Strain
 
 *200
 
 struck and injured two individuals named Gordon and Mabrey, respectively.
 

 Mabrey commenced an action against Strain in the District Court of Creek county, Oklahoma, to recover damages for personal injuries, and obtained a default judgment which was not satisfied. He then filed an affidavit for garnishment, under the Oklahoma statute, naming the insurance company as garnishee. The company answered, denying liability for the reason that a trailer was attached to Strain’s truck at the time of the accident, and the truck was, therefore, not within the coverage of the policy. The issues were found in favor of Mabrey upon proof tending to show that the trailer had broken loose from the truck and was not-attached thereto at the moment of the accident. He was awarded a judgment against the company, which became final.
 

 Gordon then brought a damage suit against Strain for personal injuries, in a district court of Oklahoma, and also recovered a default judgment.
 

 The insurance company made the next move by beginning suit under the Federal Declaratory Judgments Act in the United States District Court for the Eastern District of Oklahoma to have its liability to Strain and Gordon determined. It alleged in its bill of complaint -that Strain’s truck was not within the coverage, of the insurance .policy at the time of the injuries to Gordon and Mabrey, because' there was a trailer attached thereto. In his response and cross-complaint, Strain claimed the benefit of the insurance, alleging the conclusiveness of the judgment in Mabrey’s garnishment suit under the doctrine of
 
 res judicata.
 
 Both Gordon and Strain prayed judgment against the company.
 

 It was held by the District Court, on the issue of whether the vehicle was within the coverage of the policy at the time of the injury, that the insurance
 
 *201
 
 company was concluded by the judgment in the garnishment proceeding ,under the doctrine of
 
 res judicata,
 
 and a decree was entered against it for a sum within the limits of the policy.
 

 In its opinion affirming such decree, the Circuit Court of Appeals called attention to the fact that under the Oklahoma statutes relating to garnishmenx a defendant may participate in the trial of any issue for the protection of his interests, and is entitled to have his rights recognized in the judgment rendered.
 

 It was further noted that while Strain did not file any pleading in Mabrey’s garnishment proceeding and was but a formal party defendant therein, he had the privilege of participating in the trial of the issues raised between Mabrey and the insurance company, and could have assisted in establishing the latter’s liability.
 

 Continuing, the opinion recites:
 

 “Parties to a judgment are not bound by it in a subsequent controversy between - each other unless they were adversaries in the action wherein the judgment was rendered. The reason for the rule, is that one should not be bound by a judgment except to the extent that he or someone representing him had an adequate opportunity to litigate the issue adjudicated with the party who seeks to invoke the judgment against him.
 

 “Hence, a judgment against several defendants is usually not conclusive as between themselves in respect to their rights and liabilities'
 
 inter se.
 

 “But the formal arrangement of the parties on the record is not important * * * and if coparties on the record were in fact adversaries as to an issue, and such issue was in fact litigated and they had full opportunity to contest it with each other, either upon the pleadings between themselves and the plaintiff or upon cross-pleadings between themselves, they are
 
 *202
 
 concluded by the adjudication of such issue in a subsequent controversy between’ each other.
 

 “While in the garnishment proceeding Strain and the insurance company were arranged as parties defendant, on the issue raised between Mabrey and the insurance company they were in fact adversaries; that issue was in fact litigated; and Strain had the right to participate in the trial thereof on the pleadings filed by Mabrey and the insurance company. We think it must follow that the adjudication concluded both Strain and the insurance company as to the issue in which both were directly and adversely interested.
 

 “We conclude that the court properly sustained the plea of
 
 res judicata,
 
 with respect to the issue of whether the vehicle was within the coverage of the policy at the time of the accident.”
 

 The above case is persuasive and, if its reasoning and conclusions are accepted, should be dispositive of the instant case.
 

 But it is maintained by the appellee that
 
 res judicata
 
 cajmot be invoked in this case because it violates the rule as to mutuality, which is to the effect that the record of a judgment, in order to conclude either of the party litigants, must be conclusive upon both. In other words, the appellee argues that if Althea Wright had failed to recover in her action against it, the company could not have interposed the plea of
 
 res judicata to
 
 preclude Bertie Wright in her action, and hence-that doctrine cannot be employed now against the company. However, the proposition is not as simple as that, for Schick must be reckoned with. In his own interests he became an active factor in the
 
 Althea Wright case
 
 in support of the claim that the insurance policy was in effect at the time of the injuries. Schick and the company were plainly adversaries on this vital point. The effectiveness of the policy was the issue, and Schick was a participant for his own benefit.
 
 *203
 
 That issue was judicially determined favorably to him. As a matter of fact, although Althea Wright brought the action as plaintiff for her own benefit, Schick and the insurance company werp also trying out the issue of insurance as between themselves.
 

 The effectiveness of the policy was likewise the dominant issue in the
 
 Bertie Wright case.
 
 Such matter having been adjudicated in the
 
 Althea Wright case,
 
 that adjudication was conclusive in the
 
 Bertie Wright case,
 
 to which Schick was again a party opposing the insurance company.
 

 Putting it a little differently, the judgment in favor of Althea Wright against the insurance company rested wholly on the finding that the liability insurance policy, issued to Schick, was in force at the time she was injured. The verdict and judgment in that case established the fact, as between Schick and the insurance company, adverse parties, that Schick was insured. A judgment based upon the existence or nonexistence of a fact is conclusive whenever the existence of such fact becomes a matter in issue between the same parties in a later proceeding. This rule applies to the
 
 Bertie Wright case,
 
 in which Schick and the insurance company were once more arrayed as adversaries as to the identical issue. The principle works here to the advantage of Bertie Wright’s administrator, as it did to the advantage of Gordon in the case of
 
 Ohio Casualty Ins. Co.
 
 v.
 
 Gordon, supra.
 

 If, in the
 
 Althea Wright case,
 
 it had been determined that the insurance policy was not in effect, it cannot be doubted that Schick would have been defeated by the plea of
 
 res judicata
 
 or estoppel in any attempt he might have made to recover under the policy from the insurance company for indemnification against the judgments secured in the original tort actions. The rule of mutuality is fully operative as between Schick,
 
 *204
 
 to whom the policy of insurance was issued primarily for his protection, and the insurer.
 

 Counsel for the appellee confidently assert that the case of
 
 Brown
 
 v.
 
 Great American Indemnity
 
 Co.,Mass.,-, 9 N. E. (2d), 547, is determinative of the present case in the appellee’s favor. There, one Brown, the holder of a Massachusetts compulsory motor vehicle liability insurance policy, while driving his insured motor vehicle on a Massachusetts highway, struck and injured one Byron.
 

 More than a year later, after action in the courts of Massachusetts had become barred by the statute of limitations, but before the elapse of the two years allowed for action by the statute of limitations in Rhode Island, Byron sued Brown for damages in the Superior Court of Rhode Island, and recovered a judgment. The judgment remaining unsatisfied, Byron brought a bill in equity in the Superior Court of Rhode Island against Brown and his insurer, to reach the proceeds of the insurance policy and apply them against the judgment previously obtained.
 

 When the case reached the Supreme Court of Rhode Island, it held the insurer entitled to the benefit of the Massachusetts statute of limitations, and that since Byron had commenced action against Brown more than one year after his cause of action accrued, the insurer was relieved from liability.
 

 Some six months later Brown brought an action in contract against his insurer in the Superior Court of Massachusetts to recover the amount of the policy, plus interest, wherein he was successful. The Supreme Judicial Court of Massachusetts in considering the case declined to follow the Supreme Court of Rhode Island in its construction of the Massachusetts statute of limitations, but on the contrary took the view that Byron’s tort action against Brown was governed by the statute of limitations in the jurisdiction where it
 
 *205
 
 had been brought and where judgment was rendered,, and that Brown was entitled to be indemnified by the-insurance company against the judgment so obtained,, in the absence of any inhibitions.
 

 It was pointed out by the Massachusetts court that the decision of the Supreme Court of Rhode Island had not adjudicated any controversy between Brown and his insurer. No dispute' developed directly between them and they did not become adversaries in that action. The insurer did not contend that the policy was not in force because of any fault or neglect on the part of Brown, the insured. It was exonerated from liability in Rhode Island solely on the ground that the Massachusetts statute of limitations applied and that Byron had failed to institute a timely action against Brown. It would seem that the Massachusetts, case may be distinguished from the instant one.
 

 Being of opinion that the trial court entered the correct judgment herein, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment of the Court of Appeals reversed and that of Common Pleas affirmed.
 

 Weygandt, C. J., Matthias, Day, Williams, Myers and Gorman, JJ., concur.