CONOLD, APPELLANT, *v.* STERN ET AL., APPELLEES.

(Decided November 8, 1940.)

*Messrs. Burt, Carson & Shadrach,* for appellant.

*Messrs. Wise, Roetzel & Maxon,* for appellee The Ohio Casualty Insurance Company.

STEVENS, J. In an automobile collision in which the defendant Karl Stern's car was involved, plaintiff, a passenger therein, was injured, and Charles Luntz, another passenger, was killed.

Plaintiff, and the administrator of Luntz's estate, each sued Stern, and plaintiff recovered a judgment against him for $8,500, while Luntz's administrator recovered a judgment for $10,000.

When 30 days had elapsed after recovery of the Luntz judgment and the same had not been paid, a supplemental petition was filed against Stern and The Ohio Casualty Insurance Company, Stern's insurer, under the provisions of Section 9510-4, General Code.

The insurance company answered that supplemental petition, setting up the failure of the insured to cooperate in defending the Luntz action, and the violation of other policy provisions by Stern, which it was claimed justified the insurance company in refusing to defend said action and in declaring Stern's policy of insurance to be void.

That case terminated in the trial court by a judgment in favor of the plaintiff, which judgment was reversed by the Court of Appeals, and the case was then reviewed by the Supreme Court of Ohio. In the opinion of that court in *Luntz v. Stern,* 135 Ohio St., 225, at page 236, 20 N. E. (2d), 241, it was stated:

"Cooperation with the insurer is one of the conditions of the policy and where there has been a failure to fulfill a condition upon which the obligation is dependent [which the court found to be true in that case], the obligation ceases."

The Supreme Court then entered final judgment in favor of the defendant insurance company.

Plaintiff, meanwhile, instituted her action against

Stern and the insurance company by filing a supplemental petition under Section 9510-4, General Code.

The insurance company, by supplemental answer, set up the judgment in the *Luntz case*, and alleged that said judgment operated as an estoppel by judgment, or was *res adjudicata*, as to the claim of the plaintiff against the insurance company.

Plaintiff demurred to the insurance company's supplemental answer, which demurrer was overruled by the trial court, and, plaintiff not desiring to plead further, permitted final judgment for the defendant to be entered.

From that judgment, this appeal on questions of law has been perfected.

But one question is presented by the appellant, and that is the propriety of the trial court's ruling upon plaintiff's demurrer to defendant's supplemental answer.

The trial court, as stated in its finding, overruled plaintiff's demurrer because it believed that the doctrine of *res adjudicata* applied to the situation presented.

In 23 Ohio Jurisprudence, Judgments, Section 730, the following appears:

"* * * the doctrine of *res judicata* is that an existing final judgment or decree, rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction."

It will be observed from the above statement that the doctrine seems to be limited in its application "to the parties or their privies"; and it is accordingly urged by the appellant that, inasmuch as Conold was not a party to the *Luntz case,* the doctrine could not be applicable to her, and that its application denies to her the opportunity to have her day in court.

Conold's right to proceed against the insurance company exists by virtue of the provisions of Section 9510-4, General Code, which are as follows:

"Upon the recovery of a final judgment against any firm, person or corporation by any person * * *, for loss or damage on account of bodily injury or death, * * * if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor * * * shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment * * * ."

Attention is directed to that provision of the section wherein it is stated that the judgment creditor "shall be entitled to have the insurance money *provided for in the contract of insurance between the insurance company and the defendant* applied to the satisfaction of the judgment." (Italics ours.)

Conold thereunder "succeeded to only such rights as the assured had against the company," under the terms and provisions of the policy contract, and this by virtue of the doctrine of subrogation. *Luntz* v. *Stern, supra.*

In the proceeding upon the supplemental petition in the *Luntz case,* Stern and the insurance company were parties to the action, and they were adversary parties because of their adverse financial interests. *Wright, Admr.,* v. *Schick,* 134 Ohio St., 193, 16 N. E. (2d), 321.

The issue made by the pleadings and which was there determined, was whether or not the liability policy of Stern was void, as claimed by the insurance company because of Stern's failure to comply with the conditions of the policy. That was the issue which the Supreme Court of Ohio decided, and it determined that the policy was void and of no effect because of the failure of Stern to comply with the conditions

thereof. The judgment in that case also established the fact, as between Stern and the insurance company, adversary parties, that Stern was not insured.

It seems to the members of this court that an exception to the rule of *res adjudicata,* as above set forth, is required under the facts presented by this case. Where separate rights of recovery of several different persons against the same party and arising out of a single occurrence depend upon the liability of an insurance company to its insured under the provisions of its policy contract, and one of such parties brings an action under Section 9510-4, General Code, in which the insured and the insurer are parties, and the insured and the insurer join issue on the question of the *existence* of such contract of insurance, and that issue is determined finally in favor of the insurer, such determination, if pleaded, furnishes the basis for the application of the doctrine of *res adjudicata as to that issue* in any action thereafter brought or tried by another person against the insured and the insurer under the provisions of Section 9510-4, General Code, where the same insurance contract is involved.

In the instant case, the proceedings upon the supplemental petition of the plaintiff again brought into question the existence of the insurance contract between Stern and the insurance company.

That precise question had been determined favorably to the insurance company by the Supreme Court in the *Luntz case.* When the question was properly raised in the trial court, that court was required to accept the holding of the Supreme Court that, as between Stern and the insurance company, no contract of insurance existed which made the insurance company liable to pay judgments recovered against Stern growing out of the occurrence which has been considered in the *Luntz case;* and, it having been determined by the Supreme Court that, as between Stern and the

insurance company, no valid contract of insurance existed, the suit of Conold, thereafter tried, could not properly result in a recovery against the insurance company, for Conold was only "entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment." There being no contract in force, at the time her case against the insurance company was tried, there was no "insurance money provided for in the contract of insurance" available to be subjected to the payment of the judgment recovered by her against Stern.

The demurrer was properly sustained.

*Judgment affirmed.*

WASHBURN, P. J., and DOYLE, J., concur.