**FIDELITY & CASUALTY CO. OF NEW YORK v. FEDERAL EXPRESS,**
Inc., et al.
No. 9398.

Circuit Court of Appeals, Sixth Circuit.
June 3, 1943.

H. Melvin Roberts, of Cleveland, Ohio (Howell, Roberts & Duncan, H. Melvin Roberts, and William D. Howell, all of Cleveland, Ohio, on the brief), for appellant.

John R. Kistner, of Cleveland, Ohio, for appellees.

Before HICKS, SIMONS, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The Fidelity & Casualty Company of New York brought suit in the district court against appellees to secure indemnity for payment of a judgment rendered in a negligence action in which both parties were codefendants. From an order of dismissal, the Casualty Company appeals. Appellant will herein be referred to as plaintiff, and appellees as defendants, the capacities in which they appeared in the district court. The following is the factual background of the present appeal.

Wenzlawski and Grolbert, doing business as the Akron-Kansas City Motor Freight Company, were insured against accident liability by the Fidelity & Casualty Company of New York. While Wenzlawski was driving a company truck on the night of May 2, 1932, he collided with another truck owned by Federal Express, Inc., in which Kepple Barrett was riding as a passenger. As a result of the collision, Barrett was killed; and his administrator sued Wenzlawski and Grolbert, as well as Federal Express, Inc., and Burdette, its driver, for damages gr·wing out of the alleged negligence of all defendants in causing Barrett's death. The Casualty Company defended on behalf of Wenzlawski and Grolbert and, on trial before a jury, a verdict was entered against them. The jury found the ꜱther defendants, Federal Express, Inc., and Burdette, free from the negligence charged. Judgment was entered against Wenzlawski and Grolbert and, upon affirmance by the Ohio Court of Appeals, and denial of appeal by the Supreme Court, the judgment was paid by the insurer.

Thereafter, the Casualty Company filed a petition in the district court, setting forth that its insured, and others, had been sued by Barrett's administrator for damages for wrongful death; that a judgment had been obtained against plaintiff's insured, which it paid; that defendants were guilty of active and positive negligence and recklessness, directly causing the collision; that the death of Barrett resulted proximately therefrom; and that plaintiff's insured were free from any negligence causing the accident. The district court sustained a demurrer on the ground that plaintiff did not state a cause of action.

On the prior appeal to this court, plaintiff insisted that its liability was only secondary and that it was entitled to have adjudication of the question of defendant's primary liability and restitution for payment by plaintiff of the judgment in the negligence case.

On the issue thus presented, this court held that one who was secondarily liable in a tort action had a right of recovery against a joint tort-feasor, where the primary or active fault rested upon the latter; and that inasmuch as the question of plaintiff's secondary liability (which was the only issue upon which plaintiff relied) had not been presented or decided in the district court, the judgment on demurrer was reversed and the case remanded for trial. Fidelity & Casualty Co., of New York v. Federal Express, Inc., et al., 6 cir., 99 F.2d 681.

Thereafter, in the district court, defendants, in effect, substituted for their demurrer an expanded defense by way of answer to plaintiff's petition, in which they pleaded that, in the negligence case, they had been charged by Barrett's administrator as jointly liable with plaintiff's insured; that such insured had defended on the ground that the negligence of defendants herein was the sole and proximate cause of Barrett's death; that the jury had found plaintiff's insured liable, entirely exonerating defendants from any liability for negligence, —on which verdict judgment was entered; and that, thereby, plaintiff was estopped by the judgment in the negligence case and barred from further prosecution of its suit. Furthermore, defendants set forth in their answer that plaintiff's insured had been guilty of carelessness and that their negligence was the proximate cause of the injuries and damages in question. To this, plaintiff filed reply, admitting "that its assured, Wenzlawski and Grolbert, were guilty of carelessness and were negligent, proximately resulting in the injuries and damages for which plaintiff claims," but denying that plaintiff was estopped by the judgment in the negligence case.

The lengthy proceedings between the parties hereto, from which emerges the single legal question whether plaintiff was secondarily liable and thereby entitled to indemnity, is complicated and confused by pleadings which include a petition, an answer, an amended answer, a demurrer, an amended petition, a demurrer to the amended petition, and a second amended answer, in which plaintiff claimed that its insured were free from all negligence; that the accident was caused by the sole negligence of defendants; that plaintiff's liability was only secondary because of "passive negligence"; that defendants' negligence was "active"; and that Barrett's death resulted directly and proximately from the conduct of defendants.

On the prior appeal in this court, it appeared that defendants herein had been co-defendants with plaintiff's insured in the negligence case, and had therein been adjudged free from liability to Barrett's administrator. But it did not appear that defendants herein had been charged with concurrent negligence; that the administrator on the trial of the negligence case clearly tendered the issue that defendants' negligence was concurrent with that of plaintiff's insured; that plaintiff's insured defended on the ground that they were not guilty of concurrent negligence, and that defendants' negligence was the sole cause of the accident; and that, on the issue so presented, the jury had found plaintiff's insured guilty of the negligent act that caused the damages, and defendants, free from any negligence whatever.

On the former appeal in this court, defendants' demurrer, in the district court, had merely denied that plaintiff's petition stated a cause of action. In defendants' answer, filed subsequent to our remand, all of the foregoing was disclosed; and, thereafter, as heretofore mentioned, there was clarified for the first time, in plaintiff's reply to defendants' second amended answer, one point upon which plaintiff had taken an entirely different stand—an admission that the parties to whom it was subrogated, had been guilty of negligence, proximately resulting in the injuries and death of Barrett. It may be said that such

admission was compelled from the inherent nature of the case, as disclosed by the present pleadings, and by what had taken place in the prior negligence action, as revealed therein.

Upon the above-mentioned pleadings, filed subsequent to our remand, the district court, on defendants' motion for summary judgment, dismissed plaintiff's petition; and it is from such judgment that plaintiff now appeals.

Although many interesting questions are submitted for consideration, the appeal, stripped to essentials, presents one issue— whether a tort-feasor has a right of indemnity from another tort-feasor, where by their joint and concurrent act of negligence, they have injured a third party.

█ At the outset, it is to be observed that an indemnitor of a tort-feasor can have no right to contribution from one in the relationship of a joint tort-feasor with the indemnitee, if the indemnitee would not have had such right. The Casualty Company in this case, stands in the shoes of its insured. Royal Indemnity Co. v. Becker, 122 Ohio St. 582, 173 N.E. 194, 75 A.L.R. 1481.

Plaintiff bases its right to indemnity on the ground that it is only secondarily liable for payment of the damages It claims that the question of primary and secondary liability was not adjudicated in the death case; that the codefendants were not adversary parties therein; that there is no way in which this issue of primary liability could have been raised or passed upon as between codefendants in a negligence case; and that on this controversy, it is entitled to its day in court, which it has not had, being deprived thereof by the dismissal of its petition. If plaintiff is not entitled to trial of the issue of such secondary liability, the judgment of dismissal should be affirmed. It may be remarked that plaintiff here seeks indemnity rather than contribution; but insofar as this case is concerned, the rules governing both subjects are equally applicable.

At this point it becomes necessary to consider what was determined in the prior negligence case. There, Barrett's administrator charged plaintiff's insured and the defendants herein, with joint negligence in operating their trucks at an excessive rate of speed and colliding while trying to go by each other on a bridge too narrow to permit of passage of two trucks coming from opposite directions. Plaintiff's insured defended in the death case on the ground that the negligence of defendant driver was the sole and proximate cause of Barrett's injuries and death. The jury found plaintiff's insured guilty of negligence and exonerated defendants of liability. On appeal (Wenzlanski v. Allen, Adm'r, 51 Ohio App. 482, 1 N.E.2d 1018, 1019), the court stated that the evidence offered by defendants herein "was such as to indicate that the collision was due entirely" to the negligence of plaintiff's insured; that the testimony of plaintiff's insured was such as to indicate that defendants' negligence was the sole cause of the accident; and that the record was such that "the jury could not very well do otherwise than find in favor of one of said outfits and against the other." On the claimed error that the judgment was not supported by sufficient evidence, the court found against plaintiff's insured.

From the foregoing, whatever else may be concluded, it is clear that plaintiff's insured were adjudicated guilty of negligence causing the accident; that such negligence was the proximate cause of the injuries and death of Barrett; and that defendants were not guilty of joint or concurrent negligence in causing the collision. On these questions, plaintiff's insured in the death case, had the opportunity to raise, and did raise, before the jury and the trial court, as well as the appellate court, by pleadings, evidence, and argument, all questions of defense on the issue of defendants' sole negligence, their own freedom from negligence, as well as the question of defendants' recklessness and subsequent negligence. On the trial before the jury, the codefendants, as to each other, were adversary parties, and in antagonistic relations. The jury found against plaintiff's insured and in favor of defendants herein.

Defendants here contend that plaintiff is bound by the judgment in the negligence case and cannot again relitigate the question of defendant's alleged negligence.

█ Ordinarily, parties to a judgment are not bound thereby in a subsequent controversy between each other unless they were adversary parties in the original action; but there are exceptions to this rule. Co-parties who are not adversaries, may be bound by a judgment in a subsequent controversy between each other where they, in fact, occupied, in the prior trial, the attitude of adversaries, or where some find-

ing of fact is made in the first suit which is an essential element in the subsequent claim or action. National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 cir., 110 F.2d 138. On the question whether parties are bound by a judgment, the formal arrangement of parties on the record is unimportant, so that if co-parties on the record were, in fact, adversaries on an issue, and the issue was actually litigated, and they had full opportunity to contest it with each other, either on pleadings between themselves and the plaintiff, or on cross-pleadings between themselves, co-parties are concluded by adjudication of that issue in a subsequent controversy between each other. Ohio Casualty Ins. Co. v. Gordon et al., 10 Cir., 95 F.2d 605.

■ Insofar as the rights or obligations of co-parties inter se are dependent on their rights or obligations toward their common adversary, the judgment adjudicating the latter is conclusive upon co-defendants in subsequent litigation between them. Freeman on Judgments, Sec. 425. See, also A. B. C. Fireproof Warehouse Co. v. Atchison, T. & S. F. R. Co., 8 cir., 122 F.2d 657. The above rule is not contrary to that followed in Ohio. In Wright v. Schick et al., 134 Ohio St. 193, 16 N.E.2d 321, 325, 121 A.L.R. 882, the Supreme Court of Ohio said:

"It is universally recognized that a former judgment, in order to be res judicata in a subsequent action, must have been rendered in an action in which the parties to the subsequent action were adverse parties. The character of a party, as adverse or otherwise, is to be determined not by his position upon the docket, or in the title of the cause, but by reference to his relations to the other parties, as shown by his interests involved in the case. * * *

"Therefore, res judicata or estoppel by judgment may arise as between codefendants if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated. * * *"

In the above case, the court held that where one recovered a final judgment against a defendant for damages on account of personal injuries, and a statute gave such plaintiff the right to sue thereafter the defendant and his insurer, determination of the issues litigated in such case between the defendant and his insurer is res adjudicata on such issue in subsequent proceedings brought against the same defendants, by other parties. See also Chicago R. I. & P. R. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265.

■■ A defendant in a negligence case who pays the judgment and sues a third party for indemnity is estopped from showing that the prior judgment was based on an incorrect finding of the facts. In such a case, the plaintiff can only recover by accepting the facts as found and showing he is entitled to restitution by reason of defendant's primary liability. Central of Georgia Ry. Co. v. Macon Ry. & Light Co., 9 Ga.App. 628, 71 S.E. 1076. Material facts or questions, in issue in a former suit and there judicially determined, are conclusively settled by the judgment therein so far as it concerns the parties to that action; and they cannot again be relitigated in any future action between the same parties. Quinn et al. v. State ex rel. Leroy, 118 Ohio St. 48, 160 N.E. 453. Where a liability insurer of a bus company defended an action brought against its insured and a railroad company for personal injuries, and each codefendant alleged that the other was solely negligent and liable for the damages caused, a judgment for the railroad company that it was free from negligence, barred a subsequent action by the insurer against the railroad company, based on the ground that the latter was primarily at fault. Central Surety & Ins. Corp. v. Mississippi Export R. Co., 5 Cir., 91 F.2d 125.

■ On the questions raised by plaintiff's insured and passed upon by the jury, the trial court, and the appellate court, the adjudication thereof is binding upon plaintiff herein; and this includes the finding that plaintiff's insured were negligent, and that defendants were free from negligence.

However, the Casualty Company contends that it did not have its day in court on the question of whether its liability— that is, the liability of its insured—was secondary, and that of defendants, primary; that it could not raise and have such issue disposed of in the negligence case, as there is no method provided in which a codefendant, under such circumstances, can seek or have a determination on this question; and that if the liability of plaintiffs insured was secondary, plaintiff herein is entitled to indemnity from defendants for payment of the judgment in the negligence case.

In passing upon this contention, it is necessary to consider the nature of pri-

mary and secondary liability as between tort-feasors.

Primary liability and secondary liability have no relation whatever to degrees of negligence or the doctrine of comparative negligence. See City of Weatherford Water, Light & Ice Co. v. Veit, Tex.Civ.App., 196 S.W. 986. The doctrine of comparative negligence is not, in any event recognized in Ohio; Bartson v. Craig, 121 Ohio St. 371, 169 N.E. 291; and the law as announced by the courts of that state, is here controlling under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

It is the general rule that whenever the wrongful act of one person results in liability being imposed on another, the latter may have indemnity from the person actually guilty of the wrong The exception to the rule is that, as between actual tort-feasors, the law will not enforce contribution or indemnity. Public policy demands that two or more wrongdoers shall be left as to each other where their joint offense leaves them. It does not require that consequences of the wrong of one person shall be visited, without indemnity, upon others, not in pari delicto. Hart Twp. v. Noret, 191 Mich. 427, 158 N.W. 17, L.R.A.1916F, 83. "The law cannot recognize equities as springing from a wrong in favor of one concerned in committing it. But there are some exceptions to the general rule which rest upon reasons at least as forcible as those which support the rule itself. They are of cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet as between themselves some of them may not be wrongdoers at all, and their equity to require the others to respond for all the damages may be complete." Cooley on Torts (1st ed. p. 144). It is said that where there is no joint action by two persons in causing an injury and no par delictum, but there is wrongful conduct by one which creates a danger which results in injury and the liability of the other rests only on a failure to discover or remedy the dangerous condition, the latter may often have indemnity from the former when held liable to the person injured. Central Surety & Ins. Corp. v. Mississippi Export R. Co., supra. When two parties, acting together, commit a wrongful act, the party who is held responsible for the act cannot have indemnity or contribution from the other, because both are equally culpable, and the damage results from their joint offense. "This rule does not apply when one does the act * * * and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not in pari delicto as to each other, though as to third persons either may be held liable." Gray v. Boston Gas Light Co., 114 Mass. 149, 19 Am.Rep. 324. Where the negligence of one wrongdoer is of the same character as that of another, he cannot recover indemnity or contribution from the latter. Union Stock Yds. Co. v. Chicago, etc., R. R. Co., 196 U.S. 217, 25 S.Ct 226, 49 L.Ed. 453, 2 Ann.Cas. 525. The negligence of two persons may be truly concurrent even as among themselves, though the negligence of one began antecedently to the negligence of the other, and in such a case no right of contribution or indemnity exists between the wrongdoers. Where two separate persons owe to a third person the same concurrent duty as to a particular thing, and by reason of the negligent failure of each and both of them to perform that duty, the third person is injured and he sues only one of those who owed him the duty, no action over arises in favor of the person subjected to the sole liability, as against the other person who owed the same duty. Central of Georgia R. Co. v. Macon Ry. & Light Co., supra.

Here, plaintiff's insured were guilty of negligence proximately resulting in the death of Barrett. Defendants have been found free from any negligence proximately causing the accident, and plaintiff is bound by such finding. But were it assumed that defendants were guilty of a greater degree of negligence than plaintiff's insured (although there are no degrees of negligence under Ohio law), the question would be, and is here presented, whether such state of facts would result in a primary liability on the part of defendants, requiring them to indemnify plaintiff as the party secondarily liable.

Under Ohio law, as elsewhere generally, a party secondarily liable in a tort action is entitled to indemnity from one primarily liable, although both are denominated joint tort-feasors. See Herron v. City of Youngstown, 136 Ohio St. 190, 24 N.E.2d 708; Wery v. Seff, 136 Ohio St. 307, 25 N.E.2d 692. See, also,

Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; City of Owensboro v. Westinghouse, etc., Co., 6 cir., 165 F. 385; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 cir., 32 F.2d 182; City of San Antonio v. Smith, 94 Tex. 266, 59 S.W. 1109. But in Ohio, there is no right of contribution between persons whose concurrent negligence has made them liable in damages. Royal Indemnity Co. v. Becker, supra.

In Restatement, Restitution Sec. 102, the following is stated:

"Concurrent and Joint Negligence

"Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other."

The decisions of the courts of Ohio are stated to be in accord with the foregoing rule in Restatement, Restitution, Ohio Annot., Sec. 102, which is accompanied by citation of many cases. See Automobile Ins. Co. v. Pennsylvania Rd. Co., 133 Ohio St. 449, 14 N.E.2d 613; Talmadge v. Zanesville & M. Road Co., 11 Ohio 197; Pennsylvania Co. v. West Penn. R. Co., 110 Ohio St. 516, 144 N.E. 51.

From the cases and authorities to which reference has been heretofore made, the rule has been variously expressed that, as between joint tort-feasors, the issue of primary and secondary liability only arises: where they are not in pari delicto as between themselves; where one tort-feasor is not guilty of the same fault as the other, although both are liable to the injured party; where the negligence of the joint tort-feasors is not of the same character; where they do not commit the same wrong; where one is not a wrongdoer as between himself and the other; where there is no joint action in causing the injury; where they do not act together in committing the wrongful act; where one is not guilty of the same tortious delinquency; where the negligence of one is only imputed or constructive; where one is liable by construction of law on account of some omission of a duty of protection or care; and where one tort-feasor is liable to a third party by reason of a legal relationship to the other tort-feasor, or because of a condition brought about by the latter, in the creation of which the other has not joined. It is also said that where one is the "active" tort-feasor, and the other, the "passive"—or where the primary or active fault rests upon one tort-feasor, he, as the active tort-feasor, is liable to the other. But this is only another way of expressing the same rule as otherwise above stated. It does not mean that the joint tort-feasor whose negligence is the lesser can have indemnity from the other for damages caused by the concurring negligent act of both.

Under the conceded fact that plaintiff's insured were guilty of negligence proximately resulting in the damages, it follows that they were guilty of concurrent negligence, even if it be assumed that defendants were also guilty of concurrent negligence; and the only conclusion to be drawn is that plaintiff herein is relying on comparative negligence, and claims indemnity on the ground that defendants were guilty of a greater degree of negligence than plaintiff's insured. As previously said, comparative negligence is not recognized in Ohio.

On the prior jury trial, plaintiff's insured were found guilty of negligence causing the damage. Defendants were found free from negligence. Plaintiff is bound by such finding.

Ohio recognizes that where the negligent acts of two codefendants are "different in character and kind," they do not concurrently bring about the injury, and such codefendants are not jointly liable. Kniess v. Armour & Co., 134 Ohio St. 432, 17 N.E.2d 734, 739, 119 A.L.R. 1348. Furthermore, there is no right of contribution or indemnity between joint tort-feasors whose concurrent negligence has made them liable in damages.

The foregoing would seem sufficient to dispose of the issues before us; but plaintiff insists that it is entitled to a trial of the issue of primary and secondary negligence.

It is true that, as held in the opinion on the prior appeal in this case, the fact that the parties were joint tort-feasors does not in itself deprive one from an action for indemnity against the other; and that if plaintiff's insured were only secondarily liable, plaintiff would be entitled to maintain such an action against defendants as joint tort-feasors.

But the negligence of plaintiff's insured, proximately resulting in the dam-

ages, under any claim or theory, was concurrent negligence. There can arise no issue of primary and secondary liability—or question of active or passive negligence—between joint tort-feasors where their concurring act of negligence results in injury to a third party. There can be no secondary liability for negligence where both joint tort-feasors are in pari delicto as between themselves.

■ On the record and pleadings before us,, there could arise no issue of primary and secondary liability for negligence. Plaintiff, under the circumstances disclosed in this case, was not entitled to maintain an action against defendants for indemnity on the ground that they were primarily liable for the damages in the negligence case No error can be predicated on the order dismissing plaintiff's petition.

The judgment of the district court is affirmed.