**CONTINENTAL CASUALTY COMPANY OF ILLINOIS, Subrogee of WJRT, Inc., Ohio Farmers Insurance Company, an Ohio corporation, and Phoenix Assurance Company, a New York corporation, Subrogee of Charles and Larue Pemberton, Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, and Edwin L. Wiegand Corporation, jointly and severally, Defendants.**

**Civ. A. No. 29951.**

United States District Court,
E. D. Michigan, S. D.
July 18, 1970.

Kenneth C. Davies, Lawrence H. Rudzki, Davies, Rudzki & Zeder, Detroit, Mich., for Continental Casualty Company of Illinois.

Rodman C. Moesta, Johnson, Campbell & Moesta, Detroit, Mich., for Ohio Farmers Insurance Co.; Phoenix Assurance Co.

Konrad D. Kohl, Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch Detroit, Mich., for Westinghouse Electric Corp.

Buell A. Doelle, Vandeveer, Doelle, Garzia, Tonkin, & Kerr, Detroit, Mich., for Edwin L. Wiegand Corp.

RULING ON DEFENDANT WESTINGHOUSE'S MOTION FOR A SUMMARY JUDGMENT ON ITS CROSS-CLAIM AND ON DEFENDANT WIEGAND'S MOTION FOR A NEW TRIAL OR TO AMEND THE FINDINGS OF THE COURT

ROTH, District Judge.

This is a subrogation action by three plaintiff insurers against two defendants, Westinghouse Electric Corporation and Edwin L. Wiegand Corporation (hereinafter referred to as Westinghouse and Wiegand), to recover moneys paid by them as a result of a fire at WJRT–TV, a television station with related offices, located in Flint, Michigan. The complaint alleged breach of warranty and negligence on behalf of each de-

fendant in furnishing the TV station with a heating-air conditioning unit manufactured by Westinghouse, containing a component heating element manufactured and supplied by Wiegand— which heating-air conditioning unit caused the fire and consequent losses complained of.

On March 13, 1970 this court entered its opinion, 327 F.Supp. 720, containing certain findings of facts on each of the charges against each defendant and holding that on the evidence "the conduct of Wiegand was the primary and efficient cause of the injury, i. e. that it was the sole, primary and proximate cause of the fire." at p. 722, and "the plaintiffs have carried the burden of proof on the claim of implied warranty as to each defendant and on the claim of negligence as to the defendant Wiegand." at p. 723. The court then stated that "[t]his resolves the issues between the plaintiffs and the defendants. There remain the cross-claims of the defendants. These will be considered and resolved upon motions or trial as may be found appropriate." at p. 723.

Defendant Westinghouse now moves for a summary judgment on its cross-claim against Wiegand. Defendant Wiegand has filed a motion for new trial or to amend the findings of the court.

■ At the beginning of the trial it was stated upon the record that the principal case would be tried, and if necessary, the cross-claims would be subsequently tried. The court stated in its opinion that the cross-claims would be considered and resolved upon motions or trial as might be found appropriate. Defendant Wiegand's motion for a new trial or to amend the findings of the court is based on allegations that the court should not have found any facts relating to the issues in the cross-claims and that it ignored the testimony of some of Wiegand's witnesses. In trying the issues in this case it was necessary for the court to make certain specific findings of fact relative to all of the charges in plaintiffs' complaint. It mattered not that these findings might ef-

fect the outcome of the cross-claim brought by both defendants against one another. ·Defendant Wiegand is bound by the findings of fact made on the issues already decided and will be estopped from any attempt to relitigate those issues which were necessarily raised at trial. See Ward v. Flex-O-Tube Co., 194 F.2d 500 (6th Cir. 1952).

On the question whether parties are bound by a judgment, the formal arrangement of parties on the record is unimportant, so that if co-parties on the record were, in fact, adversaries on an issue, and the issue was actually litigated, and they had full opportunity to contest it with each other, either on pleadings between themselves and the plaintiff, or on cross-pleadings between themselves, co-parties are concluded by adjudication of that issue in a subsequent controversy between each other. Fidelity & Casualty Co. of New York v. Federal Express, 136 F.2d 35 (6th Cir. 1943).

■■ Nor will defendant Wiegand's charges that the court ignored the testimony of some of its witnesses justify granting a new trial. As stated in (a) of Fed.R.Civ.P. 52 "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Although defendant Wiegand here brings his motion under (b) of Rule 52 it is not sufficient to attack the court's reliance on demeanor testimony to merely show that the court did not subscribe to the moving parties' theories and gave more weight to the testimony of other witnesses. The findings of the court are sufficiently definite as to each issue raised in the complaint to substantiate the general conclusions of the court as to negligence and breach of warranty. See generally, NLRB v. Dinion Coil Co., 201 F.2d 484 (2d Cir. 1952) on demeanor evidence, and Filter v. Mohr, 275 Mich. 230, 266 N.W. 341 (1936) on the weight to be given to physical facts.

■ The basic principle of the right to indemnity was also stated in the Fideli-

ty & Casualty of New York v. Federal Express case, *supra*:

It is the general rule that whenever the wrongful act of one person results in liability being imposed on another, the latter may have indemnity from the person actually guilty of the wrong. 136 F.2d 35, at 40.

Thus where the assembler is liable to plaintiff solely because of failure to discover a defect, and here that defect was undiscoverable making Westinghouse guilty of breach of warranty of fitness for a particular purpose rather than of negligence, he will be entitled to indemnity from the maker of the defective part. Tromza v. Tecumseh Prods. Co., 378 F.2d 601 (3d Cir. 1957). See also Frumer & Friedman, 3 Products Liability § 44.02; Husted v. Consumers Power Co., 376 Mich. 41, 135 N.W.2d 370 (1965); and Indemnity Insurance Co. of North America v. Otis Elevator Co., 315 Mich. 393, 24 N.W.2d 104 (1946).

For the reasons stated above defendant Wiegand's motion for a new trial or to amend the findings of the court is hereby denied and defendant Westinghouse's motion for a summary judgment on its cross-claim against Wiegand is hereby granted.

Appropriate orders may be submitted.