HAINBUCHNER v. MINER, APPELLANT, ET AL.; CALDWELL, APPELLEE.

[Cite as Hainbuchner v. Miner (1987),
31 Ohio St. 3d 133.]

(No. 86-753—Decided June 24, 1987.)

*Williams, Zumkehr & Welser* and *Benito C.R. Antognoli,* for appellant.
*Kane, Bangas & Sicuro* and *Ronald J. Kane,* for appellee.

SWEENEY, J. Appellant, John Miner, has maintained throughout these proceedings that he is entitled to maintain the present action in contribution pursuant to R.C. 1707.41. There is no basis in law or in fact for this contention. R.C. 1707.41 provides in relevant part:

"In addition to the other liabilities imposed by law any person who, by a written or printed circular, prospectus, or advertisement, offers any security for sale, or receives the profits accruing from such sale, is liable, to any person who purchased such security relying on such circular, prospectus, or advertisement, for the loss or damage sustained by such relying person by reason of the falsity of any material statement contained therein or for the omission therefrom of material facts, unless such offeror or person who receives the profits establishes that he had no knowledge of the publication thereof prior to the transaction complained of, or had just and reasonable grounds to believe such statement to be true or the omitted facts to be not material. Whenever a corporation is so liable, each director of the corporation is likewise liable unless he shows that he had no knowledge of the publication complained of, or had just and reasonable grounds to believe the statement therein to be true or the omission of facts to be not material. Any such director, upon the payment by him of a judgment so obtained against him, shall be subrogated to the rights of the plaintiff against such corporation, and *shall have the right of contribution for the payment of such judgment against such of his fellow directors as would be individually liable under this section.* Lack of reasonable diligence in ascertaining the fact of such publication of the falsity of any statement contained in it or of the omission of such material fact shall be deemed knowledge of such publication and of the falsity of any untrue statement in it or of the omission of material facts." (Emphasis added.)

The clear import of this statutory language is that liability of a co-director in contribution is co-extensive with his liability for civil fraud in the underlying action. In the case at bar, not only was a verdict directed in favor of appellee on the issue of civil fraud in the prior action, but the

liability of appellant for which he seeks contribution was not predicated on R.C. 1707.41. Rather, the liability of appellant was based exclusively on his sale of unregistered securities pursuant to R.C. 1707.44(C). Thus, R.C. 1707.41, by its terms, envisions an action in contribution only to the extent that a co-director is liable thereunder to the original plaintiff.

We hold therefore that a director of a corporation who was a defendant in an action brought pursuant to R.C. 1707.41 is subrogated to the rights of the plaintiff in that action and may, in a subsequent action, seek contribution from his co-directors under this section only insofar as his underlying liability to the plaintiff was founded thereon.

The prior action resulted in a determination that appellant was liable to the original plaintiff in restitution for the sale of unregistered securities. The liability of appellant was predicated upon R.C. 1707.44(C). It provides:

"No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions:

"(1) Is not exempt under section 1707.02 of the Revised Code, nor the subject matter of one of the transactions exempted in sections 1707.03, 1707.04, and 1707.34 of the Revised Code, has not been registered by description, coordination, or qualification, and is not the subject matter of a transaction that has been registered by description;

"(2) The prescribed fees for registering by description, by coordination, or by qualification have not been paid in respect to such security;

"(3) Such person has been notified by the division, or has knowledge of such notice, that the right to buy, sell, or deal in such security has been suspended or revoked, or that the registration by description, by coordination, or by qualification under which it may be sold has been suspended or revoked;

"(4) The offer or sale is accompanied by a statement that the security offered or sold has been or is to be in any manner indorsed by the division."

Any action in contribution, therefore, is not governed by the terms of R.C. 1707.41, but rather by the language of R.C. 1707.43. This section provides in relevant part:

"Every sale or contract for sale made in violation of Chapter 1707. of the Revised Code, is voidable at the election of the purchaser. *The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to such purchaser,* in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by such purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision." (Emphasis added.)

It is unnecessary for this court to conduct an inquiry into the extent of participation by appellee in the sale of unregistered securities. Rather, it is sufficient to note that the activities of appellee were determined by the trial court in the prior action to fall short of conduct upon which liability under R.C. 1707.43 and 1707.44(C) could be imposed. This determination was never appealed by the parties to that action.

The judgment in the prior case is therefore dispositive of the issue before us. Appellant had every opportunity, as a party to that proceeding, to demonstrate that appellee was an active participant in the sale of unregistered securities. Insofar as judgment was rendered in favor of appellee on that issue, appellant is bound thereby. It is wholly irrelevant that appellant and appellee were co-defendants in that action.

In *Wright* v. *Schick* (1938), 134 Ohio St. 193, 12 O.O. 6, 16 N.E. 2d 321, this court specifically addressed the application of *res judicata* in an analogous situation:

"The term 'parties' in its broad legal sense includes all who have an interest in the subject matter of the particular litigation, who have the *right* to control the proceedings, to make defense, to adduce evidence, to cross-examine witnesses and to appeal the proceedings, if an appeal lies. * * *

"It is universally recognized that a former judgment, in order to be *res judicata* in a subsequent action, must have been rendered in an action in which the parties to the subsequent action were adverse parties. The character of a party, as adverse or otherwise, is to be determined not by his position upon the docket, or in the title of the cause, but by reference to his relations to the other parties, as shown by his interests involved in the case. * * *

"Therefore, *res judicata* or estoppel by judgment may arise as between codefendants if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated. * * * " (Emphasis added.) (Citations omitted.) *Id.* at 198-199, 12 O.O. at 8, 16 N.E. 2d at 325.

The Sixth Circuit Court of Appeals, in *Fid. & Cas. Co. of New York* v. *Federal Express* (1943), 136 F. 2d 35, arrived at a similar conclusion. Applying Ohio law, the federal court observed at 38-39:

"Ordinarily, parties to a judgment are not bound thereby in a subsequent controversy between each other unless they were adversary parties in the original action; but there are exceptions to this rule. Co-parties who are not adversaries, may be bound by a judgment in a subsequent controversy between each other where they, in fact, occupied, in the prior trial, the attitude of adversaries, or where some finding of fact is made in the first suit which is an essential element in the subsequent claim or action. *National Bondholders Corp.* v. *Seaboard Citizens Nat. Bank,* 4 Cir., 110 F. 2d 138. On the question whether parties are bound by a judgment, the formal arrangement of parties on the record is unimportant, so that if co-parties on the record were, in fact, adversaries on an issue, and the

issue was actually litigated, and they had full opportunity to contest it with each other, either on pleadings between themselves and the plaintiff, or on cross-pleadings between themselves, co-parties are concluded by adjudication of that issue in a subsequent controversy between each other. *Ohio Casualty Ins. Co.* v. *Gordon et al.,* 10 Cir., 95 F. 2d 605.

"Insofar as the rights or obligations of co-parties inter se are dependent on their rights or obligations toward their common adversary, the judgment adjudicating the latter is conclusive upon co-defendants in subsequent litigation between them."

Consequently, we further conclude that where a prior action in restitution for the sale of unregistered securities brought pursuant to R.C. 1707.43 results in a judgment favorable to one defendant on that issue, the defendant may interpose the doctrine of *res judicata* as a bar to any subsequent action brought by a co-defendant for contribution which is predicated upon the same theory of recovery.

The prior decision in favor of appellee with respect to the sale of unregistered securities is therefore binding in the present action.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.