McLaughlin and others, appellants, and Van Keuren and Schultz, respondents.

1. When it is essential to enable the court to make a complete and final disposition of the subject matter of the controversy, a necessary party will be added at any stage of the cause, unless there are cogent reasons to the contrary. And the record will be remitted to the court below for that purpose.

2. The defendants having failed to make the objection of the want of a necessary party below, this question is not entertained on appeal for their benefit, but because the court cannot, with the parties before it, make a decree which will finally and properly dispose of the subject matter in controversy.

The opinion of the Chancellor is reported in 4 *C. E. Green* 187.

*Mr. Williamson*, for appellants.

*Mr. Jacob Weart*, for respondents.

The opinion of the court was delivered by

Van Syckel, J.

On the 23d day of August, 1866, William Van Keuren and Charles Schultz, the complainants, recovered a judgment in the Hudson county Circuit Court, against James McLaughlin, for $3288. An execution thereupon issued against goods and lands, to which the sheriff made return that no goods or lands of the defendant could be found. Prior to the rendition of this judgment, the defendant, James McLaughlin, had conveyed all his real estate to his father, Michael McLaughlin, by three deeds, two of which bear date May 19th, 1866, and the third July 9th, 1866, all recorded July 12th, 1866.

The bill in this case was filed by the judgment creditors, to have the deeds, which were absolute on their face, declared to be mere mortgages to secure certain indebted-

ness of James to Michael, which was alleged to be much less than the actual value of the lands conveyed, and to have a decree for a sale of the lands and the payment of the complainants' judgment, after satisfying the real claim of Michael.

The defendants, in their answer, admit that the first two deeds were given as security for moneys which James then owed his father, but insist that the deed of July the 9th was intended to be an absolute conveyance, and that at the time of the delivery thereof, James also agreed by parol, that the first two deeds should be absolute conveyances. In consideration of the last conveyance and the parol agreement, the father agreed to pay the son the sum of $5000, which it is alleged was paid on the 8th of October, 1866.

The case shows that James McLaughlin, by his deed of assignment dated August 20th, 1866, three days prior to the recovery of the complainants' judgment, conveyed to one J. F. Mallory, all his lands and tenements, goods and chattels, bonds, notes, books of account, contracts, rights and credits, for the equal benefit of his creditors.

Mallory, the assignee, is not made a party to the complainants' bill, but no objection was made before the Chancellor on that ground, and the question is now presented, whether the decree should be reversed and the record remitted to the Chancellor, because the assignee is not made a party to the bill.

It is the aim of courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree may be perfectly safe to those who are compelled to obey it, and also, that future litigation may be prevented.    *Story's Eq. Pl.*, § 72.

The rule requiring the presence before the court of all parties · interested, being essential to enable the court to make that complete and final disposition of the subject matter of the controversy, at which courts of equity always aim, will not be overlooked, if the objection is taken at any

stage of the cause, unless for cogent reasons. *Cutler* v. *Tuttle*, 4 *C. E. Green* 549.

It is not intended to intimate any opinion as to the rights of the assignee in the subject matter of this controversy, but it is clear that this court should not proceed to a final decree disposing of that subject matter, without the presence of the assignee as a party to this suit. The defendants having failed to make the objection at an earlier stage of the cause, it is not for their protection that this question will now be entertained, but because the court cannot, with the parties here present, make a decree which will finally and properly dispose of the property it is called upon to deal with in this case. If the decree of the Chancellor should be affirmed, an innocent purchaser at the sale under that decree might suffer great loss, and this court might be greatly embarrassed by it in the future litigation, which will almost certainly arise out of the transactions disclosed by this case.

The decree of the Chancellor must be reversed, because the assignee was not made a party to the bill, and the record should be remitted, that the necessary party may be added.

The whole court concurred.