# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### BROWN v. ELLIS.

(Circuit Court, D. Vermont. June 28, 1899.)

JURISDICTION OF FEDERAL COURTS—SUIT IN EQUITY BY RECEIVER OF NATIONAL BANK—AMOUNT IN CONTROVERSY.

To confer on a circuit court of the United States of a district other than that in which a national bank is located jurisdiction of a suit in equity brought by the receiver of such bank under the judiciary act of 1888, it is necessary that such suit should involve the required amount or value of $2,000, exclusive of interest and costs.

In Equity. On motion to dismiss for want of jurisdiction.

Thomas J. Boynton, for plaintiff.

Hiram A. Huse, for defendant.

WHEELER, District Judge. The plaintiff is receiver of the Sioux City National Bank of Sioux City, Iowa; the defendant is executrix of the will of a shareholder therein; and this suit is brought to reach the assets of the estate in satisfaction of an assessment by the comptroller of the currency upon the shares of the estate amounting to $1,800. The case was before this court in Brown v. Ellis, 86 Fed. 357, upon a question of reaching the assets of the estate. It has now been heard upon a motion to dismiss for want of the jurisdictional amount of $2,000, exclusive of interest and costs, in controversy. Section 629 of the Revised Statutes gave jurisdiction to the circuit courts:

"First. Of all suits of a civil nature at common law or in equity where the matter in dispute, exclusive of costs, exceeds the sum or value of five hundred dollars, where an alien is a party, or the suit is between a citizen of the state where it is brought and a citizen of another state.

"Second. Of all suits in equity where the matter in dispute exclusive of costs, exceeds the sum or value of five hundred dollars, and the United States are petitioners.

"Third. Of all suits at common law where the United States, or any officer thereof suing under the authority of any act of congress, are plaintiffs.

"Tenth. Of all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations."

95 F.—1

The act of 1875 (18 Stat. 470) gave jurisdiction "of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens or subjects." The act of 1888 (25 Stat. 433) construing the act of 1887, re-enacted this part of the act of 1875, changing the requirement of amount in dispute from $500 exclusive of costs to $2,000 exclusive of interest and costs, and provided by a new section (4) that national banking associations should, for the purposes of suits, be deemed citizens of the states where located, and that the circuit and district courts should not have jurisdiction therein other than such as they would have between citizens of the same state; and that the provisions of that section should "not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States, or by direction of any officer thereof, or cases for winding up the affairs of any such bank." The jurisdiction in this case is to be looked for through the provisions of this saving clause from the restriction of this fourth section of the act of 1888. Jurisdiction applicable to cases like this, to be restricted by that section, is not to be found in the first division of section 629, Rev. St., for that requires an amount which has been carried into the act of 1888, and increased to $2,000 exclusive of interest and costs; nor in the second, for that applies only to a different class of cases; nor in the third, for that applies only to suits at common law; nor in the tenth, for that applies only to suits in the district where the bank is, and this bank is in the Northern district of Iowa. This suit arises upon the laws of the United States, and the act of 1875 gave original jurisdiction of such suits at law and in equity, without regard to citizenship, when the required amount or value should be in dispute. That provision, with the required amount increased, as in the other cases, to $2,000 exclusive of interest and costs, has been carried into the act of 1888. Thus, jurisdiction at law, in this class of cases, without regard to citizenship or amount, is traceable from the third division of section 629; and in equity, without regard to citizenship, but with requirement of amount, from the act of 1875; and none in equity, in a case like this, out of the district of the bank, without a requirement of amount made by the acts of 1887 and 1888 greater than the amount involved here. The cases referred to in argument in which jurisdiction has been upheld are consistent with this distinction, for those without the amount were at law, and those in equity involved the required amount. In some of the cases the phraseology of this saving clause of the fourth section of the act of 1888 is treated as conferring jurisdiction, but in plain terms it is a mere negative upon the restriction in that section of jurisdiction of suits for or against national banks to diversity of citizenship. The jurisdiction of these courts must be conferred, and cannot be presumed. The distinction

between proceedings at law and in equity has always been maintained in the United States courts, and smaller suits at law than in equity may well have been deemed advisable. The saving clause may indicate that congress would have conferred this jurisdiction if it had not been supposed to exist before; but the question is not what congress would have enacted, but what was enacted. The meaning of that is to be ascertained from the enactment, and, as that is clear, it must be followed without conjecture. The conclusion that there is a lack of jurisdiction in equity of this case, however ample it might be at law, seems inevitable. Motion granted, without prejudice.