BERGER v. HERBERT.

(Supreme Court, Special Term, New York County. June 9, 1913.)

1. DISCOVERY (§ 61*)—STATUTORY PROCEEDINGS—ORDER—VACATION.

Where the plaintiff in an action for breach of marriage promise, in which the defense was a general denial and release, obtained an order for the examination of the defendant as to his marriage with another and as to his financial means, a motion of the defendant to vacate the order, accompanied by an affidavit in which he admitted that he was married to another at the time of the alleged promise to marry the plaintiff, should be granted, since the affidavit gives all the information required by the plaintiff as to the former marriage, and inquiry into his financial condition cannot be made while the giving of the release is undenied.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

2. DISCOVERY (§ 61*)—STATUTORY PROCEEDINGS—ORDER—VACATION.

Where the examination of the defendant is sought for the purpose of harassing and annoying him, the order for the examination should be vacated.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Anita Berger against Frederick W. Herbert.  On a motion to vacate an order for the examination of the defendant.  Motion granted.

James S. McDonogh, of New York City, for the motion.
L. & J. Weinberger, of New York City, opposed.

GIEGERICH, J.  [1]  The defendant moves to vacate an order for his examination in an action to recover $50,000 damages for an alleged breach of promise of marriage.  The answer is substantially a general denial, and a general release before the commencement of the action is also pleaded as a separate and distinct defense.  It was held in Wessel v. Schwarzler, No. 1, 144 App. Div. 587, 129 N. Y. Supp. 521, where a parent brought suit to recover $100,000 damages for the alleged seduction of a minor daughter, and in Wessel v. Schwarzler, No. 2, 144 App Div. 589, 129 N. Y. Supp. 522, which was brought by such daughter to recover $100,000 damages for alleged breach of promise of marriage, that in such class of actions, where large damages are demanded, the examination generally of the defendant will not be permitted.  The plaintiff's attorneys apparently had the foregoing adjudications in mind when they applied for the order sought to be vacated, since it confines the examination—

"to obtaining from the defendant facts and evidence as to whether the defendant was married on or before June 1, 1910, and the name of the person to whom he was married and the date and other circumstances of such marriage, and whether said marriage was valid and in force on and after June 1, 1910, and as to the means, property, and assets of the defendant."

The defendant, in his moving affidavit, concedes that he was married to another person than the plaintiff at the time when he is alleged to have made the promise of marriage upon which the action is brought.  This is all the information in support of her case, so far as the defendant's marriage is concerned, that the plaintiff could reasonably expect to get upon an examination of the defendant, in view of his answer.  I do not think, under the circumstances disclosed by the papers submitted, that the plaintiff should be permitted to inquire into the defendant's means and financial affairs at this stage of the action.  As already stated, the answer pleads a general release before the commencement of this action, and although the execution and delivery of such release is also alleged in the affidavit upon which the present motion to vacate the order for the defendant's examination is made, the plaintiff has not denied such allegation.  If the release is a valid one, the plaintiff cannot recover, and an examination into the defendant's affairs should not be permitted, in the absence of such denial.

[2]  Moreover, I am satisfied, after reading the papers presented, that the examination of the defendant is not sought in good faith, and is desired solely to harass and annoy him.  The right to examine an adverse party will be denied, where the examination is sought for improper and ulterior purposes (Wessel v. Schwarzler, No. 1, supra; Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737); and,

applying this rule to the case at bar, the order for the defendant's examination, should be vacated.

The motion is therefore granted, with $10 costs to the defendant to abide the event. Order signed.