PETER YURAS, complainant-respondent,

*v.*

PETER MUSCOWIC and ANNA MUSCOWIC, an infant, by PETER MUSCOWIC, her guardian *ad litem,* defendants-appellants.

[Decided May 16th, 1933.   Decided September 27th, 1933.]

*Messrs. McCarthy & McTague (Mr. Frank P. McCarthy and Mr. Alex R. DeSevo,* of counsel), for the appellants.

*Mr. Stephen P. Piga,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is the appeal of the defendants below from a decree in favor of the complainant decreeing that the complainant as the heir-at-law of Stefan Yuras was entitled to the lands and premises in question, and to the rents, issues and profits of the premises during the period that the defendants were in possession of such premises, as alleged in the bill and denied in the answer of the defendants.

The case was submitted below on a stipulation as to the facts, and waiving the right to appeal, and the bill of complaint was filed under the Uniform Declaratory Judgment act of 1924, page 312.

The facts thus presented, so far as now pertinent, are as follows: Stefan Yuras and Catherine Yuras were husband and wife. No children were born of this marriage. Both had been previously married, their respective spouses having died. The complainant is the son and only heir-at-law of Stefan Yuras, and the defendants children and heirs-at-law of Catherine Yuras. There was one other child of Catherine Yuras who had disappeared and whose whereabouts are unknown, and no one appeared for him nor was he made a party defendant. On or about April 27th, 1923, Stefan Yuras and Catherine Yuras, being then husband and wife, purchased the premises in question, and they became tenants by the entirety. On April 25th, 1927, Stefan Yuras conveyed direct to his wife Catherine Yuras, her heirs and assigns forever, "all that undivided one-half right, title and interest in and to" the premises in question. Catherine Yuras died intestate on July 1st, 1930, and Stefan Yuras died intestate on January 3d, 1932. There was no further conveyance of the premises up until the death of Stefan Yuras.

The learned vice-chancellor held that Stefan Yuras, by the deed of April 25th, 1927, conveyed to his wife merely that property which he then possessed, namely, an undivided one-half interest for the joint lives of himself and wife, and that the deed did not have the effect of conveying to Catherine Yuras, his wife, his right to the fee in the event he survived his wife.

From the foregoing statement it appears that the respective claims set up a purely legal interest in lands resting upon a purely legal basis. Before attempting to determine the validity of such claims it is proper to consider whether the question presented comes within the cognizance of the court of equity. The vice-chancellor recognized that it did not, but said that "since the parties have submitted themselves to the jurisdiction of this court, I shall not turn them away."

We are constrained to think that the decree cannot be supported under the facts of the present case.

. We think that the bill of complaint should have been dismissed because the question raised was as to the title vested under the terms of a certain deed and, therefore, a purely legal question, and without the jurisdiction of the court of chancery. The court of chancery had no jurisdiction because there was no feature of equitable cognizance involved. The questions that arose were of purely legal cognizance.

We have held in this court that a bill for declaratory judgment as to when, if ever, title vested under a certain deed, did not present a question within the jurisdiction of the court of equity (Uniform Declaratory Judgment act—*P L. 1924 p. 312*). *Wight v. Board of Education of Westfield, 99 N. J. Eq. 843.*

Again in *Paterson v. Currier, 98 N. J. Eq. 48,* the complainant held paper title to the land by deed from one Louise Harrison, a devisee, under an "inartificially" drawn will and prayed that the will be construed in respect of the devise, and that it may be declared what estate passed by the devise to Louise Harrison, and what estate was conveyed by her to the complainant. Therein Vice-Chancellor Backes held that the court of chancery had not jurisdiction under the act "concerning declaratory judgments and decrees" (*P. L. 1924 p. 312*) to declare rights purely legal; that the act confers jurisdiction on the law and equity courts to declare rights of parties in such matters only, as the courts respectively would otherwise have jurisdiction over, if the rights were ripe for relief; that the question upon which a judicial declaration was sought, did not come under any recognized head of equity jurisdiction; that it related to the legal title to land, and was cognizable at law only

In the leading case of *Hart v. Leonard, 42 N. J. Eq. 416,* it was held by this court that "a substantial dispute over a private legal right in land is not ordinarily cognizable in a court of equity." In that case the bill averred that the complainant was the owner of a lot of land, and that he and his predecessors in title had, by adverse user for over twenty

years, acquired a right of way across the lands of the defendant from a certain public road to the lot; that the defendant obstructed the way, and the bill prayed a decree that the complainant was entitled to the way, and a mandatory injunction, commanding the defendant to remove the obstruction and allow the defendant to pass through. This court said that "the claim set up a purely legal interest in lands, resting upon a purely legal basis." And after classifying the cases in which courts of equity may, by decree and injunction, protect and enforce legal rights in lands, the opinion declared that the case did not come within any of those classes, because the evidence showed "a substantial dispute over the fact of adverse user which the defendant is entitled to have settled by the verdict of a jury." See, also, *Mayor, &c., of Borough of South Amboy* v. *Pennsylvania Railroad Co., 77 N. J. Eq. 242; Mason* v. *Ross, 77 N. J. Eq. 527.*

We conclude that where, as here, the question raised by the bill and answer filed under the Uniform Declaratory Judgment act (*P. L. 1924 p. 312*) was as to whether the title to lands vested in the complainant or in the defendants under the terms of a certain deed, there was thus presented claims to a purely legal interest in lands, resting upon a purely legal basis, and therefore the court of chancery had no jurisdiction to declare the purely legal rights of the parties and should have dismissed the bill, even though the parties stipulated to waive the right to appeal, and especially is this so since it appeared that there was a person having an apparent interest who was neither made a party to the suit nor represented therein.

The decree below will be reversed, with costs, and the record remitted to the court of chancery to the end that the bill be dismissed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.