38 N.J. Super. 390 (1955)
119 A.2d 29
ROBERT B. FINLEY, PLAINTIFF,
v.
FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA, A CORPORATION OF THE STATE OF RHODE ISLAND, DULY LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY; ATLANTIC CASUALTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND BARBARA FRANTZ, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 13, 1955.
*391 Messrs. Harkavy & Lieb, attorneys for the plaintiff.
Mr. Chas. C. Stalter, attorney for the defendant Factory Mutual Liability Insurance Company.
Mr. Richard D. Porter, attorney for the defendant Atlantic Casualty Insurance Company.
GAULKIN, J.C.C. (temporarily assigned).
The question here is whether this is a proper case for declaratory judgment. That is a question of paramount importance in every declaratory judgment action for, as Judge Clapp warned in Utility Blade & Razor Co. v. Donovan, 33 N.J. Super. 566, 571 (App. Div. 1955), "an unwarranted use of the declaratory action, may turn a valuable remedy into a nuisance."
These are the facts:
In January 1952 plaintiff Finley was driving George Frantz' Cadillac car in Florida when the car overturned and Frantz was killed.
There had been issued to Finley, a resident of New Jersey, by the Atlantic Casualty Insurance Company, hereafter called *392 "Atlantic," a $50,000 liability policy on Finley's own Plymouth automobile, but the policy provided that the insurance applied as well to any other automobiles driven by Finley. However, the policy provided that as to such other automobiles the insurance "shall be excess insurance over any other valid and collectible insurance available to" Finley.
Frantz, on the other hand, was a resident of Florida. The Factory Mutual Liability Insurance Company, hereafter called "Factory," had issued to him a $50,000 liability policy covering the Cadillac. This policy contained the usual "omnibus clause" extending the coverage to any person driving the automobile with Frantz' permission.
In February 1953 Barbara Frantz, the deceased's widow, started suit in Florida against Finley and "The McBee Company," a corporation hereafter called "McBee," for $250,000. Mrs. Frantz alleged that the accident was due to Finley's negligence, and said:
"2. That the defendant, Robert Birch Finley, was at the time and place hereinabove alleged employed by the defendant, McBee Company, * * * and was then and there acting within the course of his employment, and the said George Albert Frantz, was at said time and place the servant and employee of the defendant, McBee Company, * * * and was then and there riding in said automobile within the course of his employment."
Finley called upon both Atlantic and Factory to defend him. Factory refused on the ground that clause III b of its policy excludes:
"* * * any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."
Atlantic did undertake Finley's defense in the Florida action, apparently reserving the right in the event of a recovery by Mrs. Frantz to assert that its policy is excess insurance, available only after Factory's policy has been exhausted. Cf. American Surety Co. of New York v. American *393 Indemnity Company, 8 N.J. Super. 343 (Ch. Div. 1950). Counsel provided by Atlantic filed an answer for Finley, took the steps hereafter mentioned, and still represents him in Florida. That answer admitted "the allegations of paragraph No. 2," and set up as a "third defense" that since Finley and Frantz "were both employed by and were employees of the McBee Company" and were "acting in the course of their employment for the said employer" at the time of the accident, the widow's remedy, even as against Finley, was exclusively under the Florida Workmen's Compensation Act. McBee also filed an answer asserting that Frantz was killed during the course of his employment, and that therefore Mrs. Frantz' remedy was exclusively under the Workmen's Compensation Act.
Separate motions were made by Finley and by McBee for summary judgment on the ground that Mrs. Frantz' sole remedy against each of them was in the Florida Workmen's Compensation Court. In support of his motion Finley filed an affidavit dated December 4, 1953 in which he swore that he and Frantz "were proceeding to Jacksonville, Florida on McBee Company business when the accident occurred."
On January 18, 1954 the Florida Circuit Court held that since "Frantz, and * * * Finley were fellow servants, both employed by the * * * McBee Company, * * * and both * * * acting in the course and scope of their employment with said employer at the time and place of the accident," Mrs. Frantz' sole remedy against each was under the Florida Workmen's Compensation Law, and the court dismissed the complaint.
Mrs. Frantz appealed to the Supreme Court of Florida which affirmed as to McBee but reversed as to Finley, holding that Mrs. Frantz was not required to proceed against Finley in the workmen's compensation court, Frantz v. McBee Co., 77 So.2d 796. Mrs. Frantz accepted the decision of the Florida Supreme Court, filed a petition for workmen's compensation against McBee in the appropriate tribunal in Florida, and there she has recently received an award. The action against Finley is awaiting trial.
*394 On December 31, 1953, and while the motion for summary judgment was pending in the Circuit Court in Florida, Finley instituted this action for declaratory judgment, admittedly by prearrangement with Atlantic. In it he has named as defendants Atlantic, Factory and Mrs. Frantz. However, Mrs. Frantz has never been served nor has she appeared, and "therein lies the rub."
The purpose of the Declaratory Judgments Law "is to settle and afford relief from uncertainty and insecurity," (N.J.S. 2A:16-51). Consequently, "the court may refuse to render or enter a declaratory judgment, when, if rendered or entered, it would not terminate the uncertainty or controversy giving rise to the proceeding," (N.J.S. 2A:16-61). Obviously if a party who has the right and the interest to litigate the same issues at another time or before another forum is not before the court, the judgment of the court might not terminate the uncertainty or controversy. "In such circumstances, the fundamental beneficial function of a declaratory proceeding  the tranquillizing function  fails of its purpose * * * the absence of these necessary parties * * * would deprive any declaratory judgment rendered herein of `that final and pacifying function it is calculated to subserve.' Borchard, Declaratory Judgments (2d ed. 1941), pp. 256-257." New Jersey Bankers Ass'n. v. Van Riper, 1 N.J. 193, at page 198 (1948); Weissbard v. Potter Drug & Chemical Corp., 6 N.J. Super. 451 (Ch. Div. 1949), affirmed 4 N.J. 115 (1950); In re Stone's Estate, 21 N.J. Super. 117, 125 (Ch. Div. 1952); Yuras v. Muscowic, 114 N.J. Eq. 126 (E. & A. 1933); Proprietary Ass'n v. Board of Pharmacy of New Jersey, 16 N.J. 62 (1954). To avoid this, N.J.S. 2A:16-56 directs that "all persons having or claiming any interest which would be affected by the declaration shall be made parties * * *."
In his complaint Finley asserts that Factory "arbitrarily and improperly" refuses to acknowledge liability; that Atlantic "contends that its insurance coverage is excess and secondary"; that Finley "* * * is unable to properly evaluate the insurance coverage available to him so as to *395 properly defend himself." The complaint therefore asks this court to adjudge the rights of the parties. Answers have been filed by the insurance companies in which each adheres to its original position.
The matter is now before me on motions for summary judgment. Atlantic joins Finley in asking for declaratory judgment, but Factory says that since Mrs. Frantz was never served and has not appeared and apparently cannot be brought in, the case should be dismissed. If the court disagrees with that contention, Factory argues it is entitled to summary judgment in its favor because the allegations of Mrs. Frantz' Florida complaint prove that her claim is one excepted from Factory's policy under clause III (b) above quoted.
Finley and Atlantic in reply say that this is a proper case for summary judgment even without Mrs. Frantz. They insist, in spite of III(b), that Factory's policy covers claims such as Mrs. Frantz', even if it be true that the accident happened while Finley and Frantz were engaged in the business of McBee. Furthermore they contend that if III(b) does exclude such claims, they are prepared to prove that it is not true that the accident happened while Finley and Frantz were traveling on company business. (They assert that they took the contrary position in Florida because of a misinterpretation of the legal effect of the facts.) Hence they say this court must go forward to declaratory judgment either (1) by summary judgment that Factory is liable, or (2) after a trial on the issue of whether the accident happened in the course of employment, Utility Blade & Razor Co. v. Donovan, supra.
Professor Appleman states the general rule to be that in an action to declare a liability policy void "it is absolutely vital that the plaintiff * * * join any and all parties interested in the result. He must make parties defendant the insured * * * [and] all injured persons * * * who might at any time be interested in the controversy. Thus, if the insurer fails to join * * * third party claimants in the ordinary automobile case, an action will not lie." *396 Appleman, Automobile Insurance and the Declaratory Judgment, 23 A.B.A. Journal 553, 555 (1937). See also Borchard, supra, p. 668; Updike Investment Co. v. Employers Liability Assurance Corp., 128 Neb. 295, 258 N.W. 470 (Sup. Ct. 1935); Dobson v. Ocean Accident & Guarantee Corp., 124 Neb. 652, 247 N.W. 789 (Sup. Ct. 1933); Glens Falls Indemnity Co. v. Bellinger, 142 N.Y.S.2d 401 (Sup. Ct. 1954); Commercial Casualty Ins. Co. v. Tri-State Transit Co., 177 Tenn. 51, 146 S.W.2d 135 (Sup. Ct. 1941); Allstate Insurance Co. v. Thompson, 121 F. Supp. 696 (D.C.W.D. Ark. 1954); Lumbermen's Mutual Casualty Co. of Illinois, American v. Cieri, 23 F. Supp. 435 (D.C.M.D. Pa. 1938).
In support of their position that this court should go on to declaratory judgment without Mrs. Frantz, Finley and Atlantic make the following arguments.
They contend that if this court does decide that Factory is liable, such a judgment will be beneficial to Mrs. Frantz for it will be binding on Factory if Mrs. Frantz should thereafter sue Factory. It has indeed been held that where in an action by the insured or an injured claimant against the insurer it has been determined that the policy covers, that judgment is binding upon the insurer in other actions brought by other claimants injured at the same time and standing in the same legal position. Wright v. Schick, 134 Ohio St. 193, 16 N.E.2d 321, 121 A.L.R. 882 (Sup. Ct. 1938); Ohio Casualty Ins. Co. v. Gordon, 95 F.2d 605 (10 Cir. 1938).
On the other hand, say Finley and Atlantic, if this court should decide Factory is not liable, Mrs. Frantz would not be harmed, because the judgment could not affect her rights. N.J.S. 2A:16-57; Dransfield v. Citizens Casualty Co. of New York, 5 N.J. 190 (1950); Century Indemnity Co. v. Norbut, 117 N.J. Eq. 584 (1935), affirmed 120 N.J. Eq. 337 (E. & A. 1936); Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S.W.2d 182 (Ct. App. 1941); Bailey v. United States F. & G. Co., 185 S.C. 169, 193 S.E. 638 (Sup. Ct. 1937).
*397 Furthermore, Atlantic offers to accept as binding a declaratory judgment that its policy is the only insurance, if this court should so find; and since its policy is for $50,000, Atlantic contends there is very little likelihood that it will not be enough to fully satisfy any judgment that Mrs. Frantz might recover against Finley. Therefore, since Mrs. Frantz cannot be injured and may be helped by a declaratory judgment, Atlantic and Finley argue this court should proceed without her.
There are several difficulties which lie in the paths of these arguments. In the first place, if Factory is liable at all, it is obligated only to indemnify Finley against what Mrs. Frantz claims, and not against what Finley says she should claim. As the court said in Danek v. Hommer, 28 N.J. Super. 68, 77 (App. Div. 1953), affirmed 15 N.J. 573 (1954):
"The conclusion to be drawn from these statements is that the duty to defend comes into being when the complaint states a claim constituting a risk insured against. * * * So in the resolution of the problem, the complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment. * * *"
At this moment Mrs. Frantz' complaint asserts that at the time of the accident Finley and her husband were co-employees of McBee, traveling on company business; and Mrs. Frantz has obtained an award for workmen's compensation on that basis. If what Mrs. Frantz asserts is true, and clause III (b) means what Factory says it means, Mrs. Frantz has and will have no claim against Factory. How can this court then, at the suit of Finley, adjudge that Factory will be liable to Mrs. Frantz on a claim which she is not now asserting, and for all that appears she may never assert?
Nor would a judgment that, on the facts here alleged by Finley, Factory is liable, be binding upon Factory in a subsequent action by Mrs. Frantz. How could it be, if Mrs. Frantz *398 continued to assert a different set of facts than Finley alleges here?
The argument that a court should proceed to declaratory judgment because a judgment in favor of one party will end the controversy has been advanced before and rejected. In Lewis v. Green, [1905] 2 Ch. 340, declaratory judgment was refused where it would not end the controversy unless declared in favor of one party. Borchard, supra, says (2d ed., p. 301, note 48) "whichever way the decision goes, the controversy must be terminated thereby," else the court should not undertake declaratory judgment. Cf. Danek v. Hommer, supra.
Finally Finley and Atlantic argue that since Mrs. Frantz cannot be brought in, this court should be practical and give declaratory judgment upon the parties before it. But Factory can be sued in all 48 states. Finley and Atlantic can sue for declaratory judgment in any state in which they can serve Mrs. Frantz and Factory. On the other hand, Atlantic is a New Jersey corporation which can only be sued in New Jersey. If Mrs. Frantz recovers a judgment against Finley and sues Atlantic thereon, Atlantic will have the opportunity in that action to prove that its policy is only excess insurance, and that Factory's policy is valid and collectible insurance available to Finley, which must first be exhausted; or, since Mrs. Frantz will have to come to New Jersey to sue, Atlantic can then turn the action into one for declaratory judgment.
Should Mrs. Frantz elect to sue Factory, she may do so in any state in the union. If this court were to decide that Factory is not liable, even though the judgment would not be binding on Mrs. Frantz in New Jersey and in most other states, it might be in some states. See, for example, Conold v. Stern, 138 Ohio St. 352, 35 N.E.2d 133, 137 A.L.R. 1003 (Sup. Ct. 1941); 55 Harv. L. Rev. 547 (1942). In any event such a judgment might have some persuasive force on another tribunal. It would be an obstacle for Mrs. Frantz to overcome. If she did overcome it, and a sister state decided contrary to the holding of this court, our judgment would have been a source of needless difficulty and embarrassment *399 to the courts as well as to the litigants  in short, a nuisance. Utility Blade & Razor Co. v. Donovan, supra; Central Surety & Ins. Corp. v. Norris, 103 Fed.2d 116 (5 Cir. 1939); Merchants Mut. Casualty Co. v. Leone, 298 Mass. 96, 9 N.E.2d 552 (Sup. Ct. 1937).
Practical considerations are not without importance, nor without force, for as Justice Black said in Shaughnessy v. Pedreiro, 349 U.S. 48, 54, 75 S.Ct. 591, 595 (1955), in actions for declaratory judgment "indispensability of parties is determined on practical considerations." Faced with a controversy that presents many issues, the most important of which the court cannot conclusively adjudicate because of want of parties, a court might decline to act at all. Practical considerations might lead the court in such a case to conclude, in the exercise of its discretion, and considering all factors, that declaratory judgment should be given on those narrow and lesser issues which can be conclusively adjudicated. Even then, Borchard, supra, says (p. 298), those issues should "settle some autonomous and independent issue of inherent importance, even should it not dispose of the entire litigation." But where, as here, there is not a single issue that can be conclusively adjudicated without the presence of a party, practical considerations are immaterial, and the court should decline to proceed. Cf. Weissbard v. Potter Drug & Chemical Co., supra, with Sperry & Hutchinson Co. v. Margetts, 25 N.J. Super. 568, 578 (Ch. Div. 1953), affirmed 15 N.J. 203 (1954); St. John's Baptist Society, Subordinate Assembly, 270 v. Ukrainian National Ass'n, 105 N.J. Eq. 69, 73 (Ch. 1929); and Abbott v. Beth Israel Cemetery Ass'n, 13 N.J. 528, 542 (1953); see also Borchard, supra, pp. 257, 259, notes 11 to 13.
Therefore, unless Mrs. Frantz is brought in as a party within 90 days, or unless some other facts arise within that time that make her presence unnecessary (as, for example, in American Surety Co. v. American Indemnity Co., supra; and see Borchard, supra, p. 668), the complaint will be dismissed.