58 N.J. Super. 75 (1959)
155 A.2d 270
ROYAL INDEMNITY COMPANY, A NEW YORK CORPORATION, PLAINTIFF-APPELLANT,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, A CONNECTICUT CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1959.
Decided November 10, 1959.
*77 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Robert B. Kroner argued the cause for the appellant (Mr. Henry J. Bendheim, attorney).
Mr. Kent A. Losche argued the cause for the respondent (Mr. Charles C. Shenier, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff appeals from a declaratory judgment entered in the Superior Court, Law Division, Bergen County, in favor of defendant (Hartford) that the latter's policy does not cover the accident hereafter mentioned.
On July 12, 1957 a "jeep," owned by Castle Auto Service (Castle) and driven by one Hogan, overturned and injured Hanlon, an employee of Castle, and four other occupants of the jeep. The Hartford policy named Castle as its insured, and contained the usual clause extending the insurance to anyone using the jeep with the permission of the named insured.
Although Royal's complaint acknowledged that its policy covered Hogan while driving the jeep, which he did not own, it sought a declaratory judgment that:
"The defendant's policy of insurance is the primary liability coverage for the claims of injury sustained in the accident and the plaintiff's policy of insurance is excess or, in the alternative, that plaintiff's policy is other insurance and shall only bear that proportion of any loss which its limit of liability bears to all valid and collectible insurance."
*78 Hartford in its answer denied that its policy covered at all, because:
"* * * Donald Hogan is not an insured within the policy of insurance with Richard Ransom and Jack Taylor doing business as Castle Auto Service. The policy of insurance specifically states that the actual use of the automobile must be by the named insured or with his permission, and neither condition had been complied with."
The trial court found that defendant's contention was supported by the proofs and entered judgment accordingly.
When the appeal reached this court, observing that none of those injured had been joined as parties, we requested that at the oral argument counsel be prepared to give us their views as to the effect of this omission. Counsel did so fully and frankly. While doing so they told us that those injured can be served with process in New Jersey; that the action of one of those injured has been settled by plaintiff; that two other actions are still pending in Bergen County; and that the others injured are infants who still may, and very likely will, sue. They admitted that none of the injured claimants is bound by the judgment appealed from, so that if one or more of them sues Hartford the issues tendered by the pleadings below, which the judgment was designed to adjudicate, will have to be litigated anew. Moreover, Royal contends that, if it is sued by one of the injured upon a judgment recovered against Hogan, it would assert that the declaratory judgment is not res judicata, and that it still has the right to argue that Hartford's policy is primary or at least concurrent insurance. There is authority to the contrary (Wright v. Schick, 134 Ohio St. 193, 16 N.E.2d 321, 121 A.L.R. 882 (Sup. Ct. 1938); Ohio Casualty Ins. Co. v. Gordon, 95 F.2d 605 (10 Cir. 1938)), but it is doubtful whether even that question may properly be decided in the absence of the injured parties.
In short, the judgment below raises many problems and solves none. Under the circumstances here present, the case should not have proceeded to judgment without the joinder of those injured. Finley v. Factory Mutual Liability *79 Ins. Co. of America, 38 N.J. Super. 390 (Law Div. 1955); cf. Condenser Service and Engineering Co., Inc. v. American Mutual Liability Ins. Co., 45 N.J. Super. 31 (App. Div. 1957). In an article, "Developments in the Law  Multi Party Litigation," 71 Harv. L. Rev. 874, 880 (1958), it is said:
"When courts do articulate the policies which underlie their decisions to treat particular parties as indispensable they consider three factors: (1) the unfairness to those present of proceeding without an absent party; (2) the effect on the absentees of a determination of the controversy before the court; and (3) the court's ability to determine finally the rights of the parties before it in a manner which cannot be aborted by action of an absent party. In applying these factors to a particular case, a court should weigh the unfairness or impropriety of proceeding without an absentee, as determined by considering these three factors, against the strong interest in deciding, to the extent that it can, the controversy before it."
Even though the omission of the injured parties was not raised below, this court may, and in a proper case should, note it and take such steps as justice may require. Kempton v. Bartine, 59 N.J. Eq. 149, 155 (Ch. 1899); McLaughlin v. Van Kueren, 21 N.J. Eq. 379 (E. & A. 1899); Schnitzer and Wildstein, N.J. Rules Service A IV, 973-974, 982-984.
In Utility Blade and Razor Co. v. Donovan, 33 N.J. Super. 566, 571 (App. Div. 1955), Judge Clapp warned that "an unwarranted use of the declaratory action, may turn a valuable remedy into a nuisance." If the judgment below be permitted to stand, it may become such a "nuisance" for reasons similar to those stated in Finley, supra. If we ignored the failure to join those injured and affirmed the judgment on the merits, it would increase its potentiality for mischief. On the other hand if we were to reverse on the merits we might ourselves be creating a new "nuisance."
Under all of the circumstances we think that justice to all interested parties would best be served by setting aside the judgment and remanding the case for the joinder of the necessary parties. This, of course, will entail a trial de novo. So ordered. No costs.